UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIANYA SMITH, individually and on behalf of other similarly situated individuals,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NURSING CARE SERVICES, INC.,<br><br>　　　　　Defendant. | Civil Action No.<br><br>18　4075 |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Kianya Smith ("Plaintiff"), individually and on behalf of all other similarly situated current and former healthcare workers of Nursing Care Services, Inc. ("Defendant"), and on behalf of the members of the proposed Pennsylvania Rule 23 Class, brings this action against Defendant for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"); and/or Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("PWPCL"). Plaintiff states the following as her claims against Defendant:

## I.　INTRODUCTION

1.　Plaintiff brings claims to recover unpaid overtime compensation under § 216(b) of the FLSA  She brings these claims as a putative collective action, individually, and on behalf of and all current or former healthcare workers employed by Defendant from three years before the filing of this Complaint to the present.

2.  Plaintiff also brings claims to recover unpaid overtime wages under the PMWA and/or PWPCL on behalf of current and former home healthcare workers in Pennsylvania. Plaintiff brings these claims as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## II.  JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendant, since Defendant conducts business in the District of Pennsylvania.

4.  The Court also has supplemental jurisdiction, pursuant to 29 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

5.  Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## III.  THE PARTIES

### Plaintiff

6.  Plaintiff Kianya Smith is an individual and a citizen of the Commonwealth of Pennsylvania who resides in Chester, Pennsylvania. Plaintiff has been employed by Nursing Care Services, Inc. as a healthcare worker, specifically a Certified Nurse Assistant ("CNA"), since approximately May 2015.

7.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Kianya Smith consents in writing to be a party to the FLSA claims asserted. Her consent form is attached as Exhibit A.

As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

8. Plaintiff, those similarly situated, and the proposed Pennsylvania Rule 23 Class are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and/or the PMWA and/or PWPCL.

9. This action is brought as a putative collective action under the FLSA for failure to pay federally mandated overtime compensation.

10. This action is also brought as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the PMWA and/or PWPCL, for failure to pay employees proper overtime wages for hours worked each week over forty

11. Defendant has willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of Plaintiff, those similarly situated, and members of the proposed Pennsylvania Rule 23 Class.

**Defendant**

12. Defendant Nursing Care Services, Inc. is a Pennsylvania corporation with its principal place of business located at 2031 N. Broad Street, Suite 113, Lansdale, Pennsylvania. Defendant is an agency that provides healthcare staffing services in nursing homes, group homes, mental health facilities, assisted living communities, clients' homes, hospice and hospitals.

13. Defendant employs Registered Nurses (RN), Licensed Practical Nurses (LPN), Certified Nursing Assistants (CNA), Certified Home Health Aide Companions

3

(CHAA) and Qualified Medication Administration Personnel (QMAP), collectively referred to herein as "Healthcare Workers."

14. Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

15. Plaintiff, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

16. At all relevevant times, Defendant is, and has been, an "employer" of Plaintiff, those similarly situated, and the proposed Pennsylvania Rule 23 Class within the meaning of the FLSA, 29 U.S.C. § 203(d), PMWA and PWPCL.

## IV. COLLECTIVE AND CLASS ACTION DEFINITIONS

17. The group of similarly situated employees sought to be certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former hourly Registered Nurses (RN), Licensed Practical Nurses (LPN), Certified Nursing Assistants (CNA), Certified Home Health Aide Companions (CHAA) and Qualified Medication Administration Personnel (QMAP) employed by Nursing Care Services, Inc. at any time since three years prior to filing this Complaint (the "FLSA Collective").

18. The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the PMWA and PWPCL is defined as:

> All current and former Pennsylvania hourly Registered Nurses (RN), Licensed Practical Nurses (LPN), Certified Nursing Assistants (CNA), Certified Home Health Aide Companions (CHAA) and Qualified Medication Administration Personnel (QMAP) employed by Nursing Care

Services, Inc. at any time since three years prior to filing this Complaint (the "Pennsylvania Rule 23 Class").

## V. <u>FACTS</u>

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Plaintiff, those similarly situated, and the members of the proposed FLSA Collective and Pennsylvania Rule 23 Class are or were employed by Defendant as Healthcare Workers to provide healthcare staffing services in nursing homes, group homes, mental health facilities, assisted living communities, clients' homes, hospice and hospitals.

21. Defendant has suffered and permitted Plaintiff to regularly work more than forty (40) hours in certain workweeks.

22. For example, during the workweek of August 1, 2016, Plaintiff worked forty-six and one-half (46.5) hours. She was paid straight time for all hours worked. No overtime premium was paid for the six and one-half (6.5) hours of overtime worked during said workweek.

23. Again, Plaintiff worked sixty-one and one-half (61.5) hours during the workweek of August 15, 2016 and was not paid overtime wages.

24. Upon information and belief, Defendant has also suffered and permitted the members of the FLSA Collective, and members of the Pennsylvania Rule 23 Class to regularly work more than forty (40) hours in certain workweeks.

25. Plaintiff and those similarly situated were not compensated in accordance with the FLSA and/or the PMWA and PWPCL because they were not paid proper

overtime wages for all hours worked in excess of forty (40) hours per workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA, PMWA and PWPCL, Defendant paid them "straight time" for their overtime hours worked.

26. Defendant intentionally misclassified its Healthcare Workers as independent contractors in an effort to deny Plaintiff, the FLSA Collective, and the Pennsylvania Rule 23 Class overtime protections under the FLSA and/or PMWA and PWPCL.

27. Defendant is aware, or should have been aware, that Plaintiff, the FLSA Collective, and members of the Pennsylvania Rule 23 Class perform work that requires them to work overtime. Defendant assigns Plaintiff's work schedule and requires Plaintiff, those similarly situated, and members of the Pennsylvania Rule 23 Class to report their work hours via weekly timesheets, which routinely reflect overtime hours.

## VI. COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Plaintiff brings Count I individually and on behalf and all similarly situated individuals. As mentioned above, the proposed FLSA Collective is defined as follows:

> All current or former hourly Registered Nurses (RN), Licensed Practical Nurses (LPN), Certified Nursing Assistants (CNA), Certified Home Health Aide Companions (CHAA) and Qualified Medication Administration Personnel (QMAP) employed by Nursing Care Services, Inc. at any time since three years prior to filing this Complaint (the "FLSA Collective").

30. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

31. Defendant has violated, and is violating, the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying health care workers, like Plaintiff and the FLSA Collective, overtime as required by law.

32. Defendant is aware that it misclassified its workers, and is not and was not compensating Plaintiff and the FLSA Collective properly for overtime, because, for example, Healthcare Workers complained to Defendant about not receiving 1.5 times their regular rate for overtime hours worked.

33. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for hours worked over forty (40).

## VII.  PENNSYLVANIA RULE 23 CLASS ACTION ALLEGATIONS

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Counts II and III of this action individually and on behalf of all similarly situated individuals. As mentioned above, the proposed Pennsylvania Rule 23 Class is defined as follows:

> All current and former Pennsylvania hourly Registered Nurses (RN), Licensed Practical Nurses (LPN), Certified Nursing Assistants (CNA), Certified Home Health Aide Companions (CHAA) and Qualified Medication Administration Personnel (QMAP) employed by Nursing Care Services, Inc. at any time since three years prior to filing this Complaint (the "Pennsylvania Rule 23 Class").

36. The persons in the Pennsylvania Rule 23 Class are so numerous that joinder of all members of the proposed Pennsylvania Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, Defendant, on information and belief, has employed hundreds of Healthcare Workers during the applicable statute of limitations period. Plaintiff and the proposed Pennsylvania Rule 23 Class have been equally affected by Defendant's violations of law.

37. There are questions of law and fact common to the proposed Pennsylvania Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Pennsylvania Rule 23 Class, including but not limited to the following:

   a. Whether Defendant violated Pennsylvania law for failure to pay overtime wages due and owing;
   b. Whether Defendant misclassified its Healthcare Workers as independent contractors;
   c. The proper measure and calculation of damages; and
   d. Whether Defendant's actions were willful or in good faith.

38. Plaintiff's claims are typical of those members of the Pennsylvania Rule 23 Class. Plaintiff, like other members of the proposed Pennsylvania Rule 23 Class, was subject to Defendant's practices and policies described in this Complaint. Further, Plaintiff's job duties are typical of the Pennsylvania Rule 23 Class, as all class members are or were workers providing non-exempt healthcare services in nursing homes, group homes, mental health facilities, assisted living communities, clients' homes, hospice and hospitals.

39. Plaintiff will fairly and adequately protect the interest of the proposed Pennsylvania Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

40. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

41. Plaintiff intends to send notice to all members of the proposed Pennsylvania Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## VIII.   CAUSES OF ACTION

### COUNT I
### OVERTIME WAGES

**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.***
*On Behalf of Plaintiff and the FLSA Collective against Defendant*

42. Plaintiff individually, and on behalf of the FLSA Collective, re-alleges and incorporates by reference paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

44. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

45. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these non-exempt individuals proper overtime compensation in violation of the FLSA.

46. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of wages and interest thereon.

47. Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

## COUNT II
## OVERTIME WAGES

### VIOLATION OF THE PENNSYLVANIA
### MINIMUM WAGE ACT OF 1968 – 43 P.S. § 333.101 *et seq.*
*On Behalf of Plaintiff and the Proposed Pennsylvania Rule 23 Class against Defendant*

48. Plaintiff, individually and on behalf of the proposed Pennsylvania Rule 23 Class, re-alleges and incorporates by reference paragraphs 1-47 of this Complaint as if fully set forth herein.

49. Plaintiff and the proposed Pennsylvania Rule 23 Class were or are employees of Defendant within the meaning of the PMWA and PWPCL.

50. Defendant was or is the employer of Plaintiff and the proposed Pennsylvania Rule 23 Class within the meaning of the PMWA and PWPCL.

51.  The PMWA and PWPCL requires employers to timely pay their employees for hours worked in excess of forty (40) in an individual work week at a rate no less than one and one-half times their regular hourly rate of pay.

52.  When Defendant paid Plaintiff and the Pennsylvania Rule 23 Class straight time, rather than the required one and one-half times their regular hourly rate for hours worked over forty (40) in a workweek, it violated the PMWA and PWPCL.

53.  The foregoing conduct constitutes a willful violation of the PMWA and PWPCL within the meaning of the PMWA and PWPCL.

54.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Pennsylvania Rule 23 Class have suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

a.  Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

b.  Judgment that Plaintiff and those similarly situated are entitled to the overtime protections under the FLSA;

c.  Judgment against Defendant for violation of the overtime provisions of the FLSA;

d.  Judgment that Defendant's violations of the FLSA were willful;

e.  An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

 f. An award of any pre- and post-judgment interest;

 g. An award of reasonable attorneys' fees and costs;

 h. Leave to add additional plaintiffs, defendants, and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

 i. Such further relief as may be necessary and appropriate.

**WHEREFORE**, Plaintiff as a class representative, individually and on behalf of the proposed Pennsylvania Rule 23 Class, prays for relief as follows:

 a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Pennsylvania Rule 23 Class, and the appointment of Plaintiff as class representative and her counsel as class counsel;

 b. Judgment against Defendant for an amount equal to Plaintiff's and the proposed Pennsylvania Rule 23 Class' unpaid overtime wages;

 c. Judgment that Defendant's conduct as described herein be determined and adjudicated to be in violation of the PMWA and PWPCL;

 d. A finding that Defendant's violations are willful;

 e. An amount equal to Plaintiff's and the proposed Pennsylvania Rule 23 Class' damages as liquidated damages;

 f. An award of any pre- and post-judgment interest;

 g. An award of reasonable attorneys' fees and costs;

 h. Leave to amend to add additional plaintiffs, defendants, and/or state law claims by motion or any other method approved by the Court; and

 i. Such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury.

THE LOVITZ LAW FIRM, P.C.

By: _____ /s/KIL1934
KEVIN I. LOVITZ, ESQUIRE
ID #70184
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax

**BOHRER BRADY, LLC**

By: /s/ Scott E. Brady
PHILIP BOHRER*
SCOTT E. BRADY*
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
(225) 925-5297 Phone
(225) 231-7000 Fax

*Attorneys for Plaintiff, Kianya Smith*

FILED
SEP 21 2018
KATE BARKMAN, Clerk
         Dep. Clerk
By_____

13

## NURSING CARE SERVICES, INC.
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Nursing Care Services, Inc., and any other related entities or affiliates ("Defendant"), to recover overtime pay.

2. I designate Bohrer Brady, LLC and Lovitz Law Firm as my attorneys to pursue my claims in this matter.

3. During the past three years, there were occasions when I worked over 40 hours per week for Defendant as a certified nursing assistant, and did not receive proper compensation for my overtime hours worked.

4. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Defendant and any other related entities or affiliates.

Date: 9/11/18

Signature

Print Name: Kianya Smith

**Information Below Will Be Redacted in Filings with the Court. Please Print or Type.**

Address: 117 Franklin St

City, State Zip: Chester, PA  19013

Best Phone Number(s): 267-355-2776

Email: SmithKianya85@gmail.com

**BOHRER BRADY, LLC**
Fax: (225) 925-5297
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Email: info@bohrerbrady.com

**LOVITZ LAW FIRM**
Fax: (267) 319-7943
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, PA 19103
Email: kevin@lovitzlaw.com

